# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 2:18CR00011 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **DWAYNE ANDRE ADAMS,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*M. Suzanne Kerney-Quillen, Special Assistant United States Attorney, Abingdon, Virginia, and Laura Day Rottenborn, Assistant United States Attorney, Roanoke, Virginia; Juval Orisha Scott, Federal Public Defender for the Western District of Virginia, Charlottesville, Virginia, for Defendant.*

The defendant, convicted by a jury of possession of a firearm after he had been convicted of a misdemeanor crime of domestic violence (MCDV), 18 U.S.C. § 922(g)(9), has moved for judgment of acquittal pursuant to Rule 29(c). The defendant does not contest that the government proved that he had been previously twice convicted in state courts of assault and battery on a family member. Mot. 2, ECF No. 147. Rather, his sole contention is that in light of the Supreme Court's decision in *Rahaif v. United States*, 139 S. Ct. 2191 (2019), the government was required to prove that he knew that his prior state convictions were labeled under federal law as "misdemeanor crimes of domestic violence," and not simply that he knew that he had been convicted of crimes that met the definition of a MCDV.

The government finds, as I do, that this argument is meritless but suggests that there should be a new trial because the court committed error by instructing the jury without objection that the defendant had, in fact, been previously convicted of a MCDV. I disagree with the government and will not grant a new trial.[1]

### I.

"There is only one ground for a motion for a judgment of acquittal. This is that the evidence is insufficient to sustain a conviction of one or more of the offenses charged in the indictment or information." 2A Charles Allen Wright & Peter J. Henning, *Federal Practice and Procedure* § 466 (4th ed. 2009) (internal quotation marks and citations omitted).

### II.

The defendant was initially indicted in this case on September 27, 2018, and charged in one count as follows:

> 1. On or about and between December 25 and December 26, 2017, within the Western District of Virginia and elsewhere, the defendant DEWAYNE ANDRE ADAMS, also known as MALIK ADAMS, also known as MALIK DEWAYNE ADAMS, who had been previously convicted of a misdemeanor crime of domestic violence, to wit: Domestic Assault and Battery, in violation of Code of Virginia Section 18.2-57.2, January 21, 2005, Wise County Virginia Juvenile and Domestic Relations Court, and Domestic Assault and Battery, in

---

[1] The defendant does not seek a new trial, his counsel labeling the government's suggestion that a new trial is appropriate as "antics" in order "to clean up the record." Resp. 3, ECF No. 172. Nevertheless, defense counsel also contends that the court erred in certain instructions to the jury and by the exclusion of certain defense evidence, matters that are not appropriate in determining the sufficiency of the government's proof.

violation of Code of Virginia Section 18.2-57.2, April 6, 2010, Tazewell County Virginia Juvenile and Domestic Relations Court, knowingly possessed in and affecting interstate and foreign commerce, a firearm and ammunition, that is, a Hi-Point, Model JHP, .45 caliber, Serial No. X423068 firearm and four (4) rounds of Winchester .45 ACP ammunition.

    2. All in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).

Indictment, ECF No. 1.[2]

On November 27, 2018, at a change-of-plea hearing, Adams entered a guilty plea to the Indictment without a plea agreement. The court accepted the guilty plea and a sentencing hearing was scheduled. The sentencing hearing was continued on several occasions and following the decision of the Supreme Court in *Rehaif* on June 21, 2019, defense counsel moved to dismiss the Indictment or in the alternative to withdraw Adams' guilty plea. By order of July 24, 2019, the court denied the motion to dismiss the Indictment but allowed the guilty plea to be withdrawn. Thereafter, on September 10, 2019, the grand jury returned a Superseding Indictment, substantially repeating the charge with the addition of an allegation that Adams knew that he had previously been convicted of a MCDV, namely the Wise County and Tazewell County convictions for domestic assault and battery. Superseding Indictment ¶ 1, ECF No. 60. Adams pled not guilty to the charge and the case went to trial before a jury on November 25 and 26, 2019.

---

    [2] The Indictment was later amended to correct the spelling of the defendant's first name from "Dewayne" to "Dwayne."

Shortly prior to trial the defendant filed a Motion in Limine seeking to preclude the government from introducing the criminal complaints related to his predicate convictions. The complaints contained factual details of Adams' criminal conduct. Argument was held on the motion on the morning of trial. The government opposed the motion, representing that the criminal complaints (which were not submitted for the record) recited (in Adams' Wise County charge) that "he handcuffed his girlfriend and beat her up" and (in the Tazewell County charge) that "[h]e beat up his pregnant girlfriend." Tr. 46, ECF No. 154. I granted the Motion in Limine on the ground that the criminal complaints themselves were irrelevant to Adams' defense that he did not know he had been convicted of a MCDV in light of the government's concession that it would be unable to prove that he had ever seen the criminal complaints. Tr. 9–10, ECF No. 155. The defendant in addition argued that the complaints were irrelevant because "*Rehaif* precludes the government from getting into the underlying facts. . . . In other words, what controls is not what the behavior was that caused the conviction, it's whether or not the person knows of the status." Tr. 10, 11, ECF No. 155.

In her opening statement to the jury, counsel for the defendant stated,

> There's no question that my client, Dewayne Adams, possessed a firearm Christmas 2017, two years ago. There's no question that when the officers came to talk with him about that, he admitted that he had the firearm. It was his. Yes. He had had it for some time. He was living in Wise County at the time.

>       But what Mr. Adams did not know at that time was that he had been convicted of a crime of misdemeanor domestic violence. More properly said, a misdemeanor crime of domestic violence. The government will not be able to prove that element to you. It's crucial in this case. And because the government cannot prove that element to you, at the end of the case, you will find, and we will ask you to find, Mr. Adams not guilty of the charge against him.
>
>       Thank you.

Tr. 149–150, ECF No. 154.

In its case in chief, the government introduced authenticated copies of the judgments of Adams' two convictions of violating Virginia Code section 18.2-57.2. The first conviction was on July 21, 2005, in the Wise County Juvenile and Domestic Relations Court, on a charge described as "assault and batter Clara Jade Beverly who is a family or household member." Gov't Ex. 12, ECF No. 104-2. The judgment recited that Adams was present and was represented by counsel and pled nolo contendere. He was sentenced to jail for twelve months, with seven months suspended, and probation to follow. The second conviction was on April 6, 2010, in the Tazewell County Juvenile and Domestic Relations Court on a charge described in the judgment as "assault and batter SHANAY N [sic] McDONALD, who is a family or household member." Gov't Ex. 8, ECF No. 104-1. The judgment recited that Adams was present, represented by counsel, and pled guilty. He was sentenced to jail for 180 days, with 160 days suspended.

The government also presented the testimony of three deputy sheriffs who had investigated and arrested Adams involving a domestic disturbance on December 25–26, 2017, which investigation and arrest led to the present § 922(g)(9) charge. Before he was arrested, Adams handed an officer the loaded firearm described in the Superseding Indictment. As he was being taken away, he told one of the officers that "he didn't shoot at his wife," who had driven away from the home with her two children, but only "across the road." Tr. 172, ECF No. 154. One of the officers found spent .45-caliber shell casings in front of Adams' home.

The government also showed through ATF agents that the firearm was operable, and that it and the ammunition in it had been manufactured outside of Virginia.

Finally, the government presented the testimony of a deputy sheriff of Tazewell County, Virginia, who had charged Adams with the assault and battery of a family or household member of which he was convicted in 2010, as recited in the Superseding Indictment. The witness testified that Adams had resided with the victim and confirmed that Adams had been personally present in the Tazewell County court and pled guilty to the charge.

The defendant presented no evidence. Defense counsel made an oral motion for judgment of acquittal on the same ground as now asserted, conceding that Adams

had been convicted of a MCDV, but denying that the government had proved that he had knowledge of that fact. The motion was denied.

In closing argument to the jury, defense counsel argued that while the defendant knew that he had been convicted as shown by each state court judgment, "nowhere on the back of that document will you see that he was ever convicted of a misdemeanor crime of domestic violence." Tr. 100, ECF No. 155. Counsel continued, "How was Mr. Adams supposed to know that? How is he supposed to know that? Has the government proven to you that he did know that? *Id.* Winding up, counsel stated,

> And, ladies and gentlemen, the government has the burden of proof in this case. The government has not proven beyond a reasonable doubt that Mr. Adams knew that he had been convicted of crimes that are misdemeanors – misdemeanor crimes of domestic violence. The wording is important. The wording is very important."

*Id.* at 102.

### III.

Section 922(g)(9) provides in pertinent part that "[i]t shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence, to . . . possess in or affecting commerce, any firearm or ammunition . . . ." 18 U.S.C. § 922(g)(9). A "misdemeanor crime of domestic violence" is defined as a misdemeanor that

> has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former

>   spouse, parent, or guardian of the victim, by a person with whom the
>   victim shares a child in common, by a person who is cohabiting with or
>   has cohabitated with the victim as a spouse, parent, or guardian, or by
>   a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A).  A predicate offense under § 921(g)(9) does not have to have as an element a domestic relationship between the offender and the victim.  *United States v. Hayes*, 555 U.S. 415, 426 (2009).  A common law battery qualifies as a MCDV.  *United States v. Castleman*, 572 U.S. 157, 168 (2014).

In *Rehaif*, relied upon by the defendant, the defendant had been convicted of violating 18 U.S.C. § 922(g)(5), having possessed a firearm "being an alien . . . illegally or unlawfully in the United States."  The Court held that while the defendant's status — whether he was an alien illegally or unlawfully in the United States — was a matter of law, 139 S. Ct. at 2198, based upon the companion statue, 18 U.S.C. § 924(a)(2) and its element of knowledge, § 922(g) required that the government prove that the defendant knew his status when he possessed the firearm, 139 S. Ct. 2198.  In response to the dissent, the majority opinion noted that "[w]e express no view . . . about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here."  *Id*. at 2200.

I find that the government presented sufficient evidence to prove that Adams knew that he had been previously convicted of the predicate offenses.  It is undisputed that he was present in the courtrooms with his attorneys on both

occasions, that he pled either nolo contender or guilty to the charges, and that he was sentenced in his presence. Moreover, the defendant does not dispute that he knew of his convictions of Virginia law. Rather, the sole defense was that he did not know that he had been convicted of a crime described in the exact words used in § 922(g)(9) — "a misdemeanor crime of domestic violence" — as conceded during argument on admission of a government exhibit:

> THE COURT: Miss Scott, I disagree with you. I think he does not have to know that he was convicted of, a "misdemeanor crime of domestic violence" in those exact words, which is your argument; right?
>
> MS. SCOTT: Correct. That is --
>
> THE COURT: In other words, unless the state judge or somebody else told him: By the way, Mr. Adams, the fact that you've been convicted of threatening or assaulting your spouse, under -- that is, listen carefully, Mr. Adams, that is a "misdemeanor crime of domestic violence." That's really, essentially, your argument.
>
> MS. SCOTT: No.
>
> THE COURT: Then --
>
> MS. SCOTT: No. There are other ways a person could know their status, right? There are other ways a person could know their status. What we're suggesting is that --
>
> THE COURT: What other ways in this case other than the question that [Assistant Public Defender] Ms. Dickenson was asking, did you tell him at any time that he had been convicted of a misdemeanor crime of domestic violence? What other ways would he know?

> MS. SCOTT: I'm certainly not going to make the record for the government to make that --.

Tr. 27–28, ECF No. 155. While defense counsel declined to answer, in her Rule 29 oral motion made after the government rested, she made it clear that the court's question was on point. She contended as follows:

> MS. SCOTT: Your Honor, we'd ask that the Court enter a finding pursuant to Rule 29 that the government has not met their burden here in this case.
>
> . . . .
>
> All of the exhibits that were entered by the government note that Mr. Adams was convicted of assault and battery of a family or household member. That does not mean that he knew he had been convicted of a misdemeanor crime of domestic violence. *Nothing on those judgments state that he was advised in that manner. There is no one who said that he was advised that he fell into that class.*

Tr. 51, 53, ECF No. 155 (emphasis added).

The defense argument is simply that Mr. Adams would have to know that he was violating the words of a federal law at the time he possessed the firearm and ammunition. That is not the law. "*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019). The undisputed evidence was sufficient to show that Adams knew he had the predicate convictions — his status — at the time of his possession.

IV.

The government agrees that the evidence was sufficient to show defendant Adam's knowledge. It contends, however, that the court erred in instructing the jury that Adams had in fact been convicted of a MCDV. It suggests that for this reason the court should grant a new trial. Gov't Resp. to Def.'s Mot. 1, ECF No. 165.

The court instructed the jury as to the elements of the crime charged as follows:

> The Superseding Indictment in this case charges that on or about and between December 25 and December 26, 2017, the defendant, knowing that he had been previously convicted in a court of a misdemeanor crime of domestic violence, knowingly possessed a firearm and ammunition — specifically, a Hi-Point, Model JHP, .45 caliber, Serial No. X423068 firearm and 4 rounds of Winchester .45 ACP ammunition, in violation of federal law. For you to find the defendant guilty, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:
>
> FIRST: that the defendant had been previously convicted of a misdemeanor crime of domestic violence;
>
> SECOND: that the defendant knew that he had been convicted of a misdemeanor crime of domestic violence;
>
> THIRD: that the defendant knowingly possessed the firearm or any of the ammunition; and
>
> FOURTH: that firearm or the ammunition had been transported across a state line at some time before the defendant's possession of the firearm or the ammunition;
>
> If you find that the government has not proved each of these elements beyond a reasonable doubt, then you must find the defendant not guilty.

Instruction No. 9, ECF No. 105; Tr. 111, ECF No. 155.[3]  The court also charged the jury that "I instruct you that the defendant's convictions in Wise County and Tazewell County described in the government's evidence were for misdemeanor crimes of domestic violence."  Instruction No. 10A, ECF No. 105; Tr. 112, ECF No. 155.  No objection was made to Instruction No. 10A, although its language was first contained in Instruction No. 10, and defense counsel requested that it be placed in a separate instruction.   Defense counsel explained that

> [w]e don't quibble with the fact, of course, *Castleman* has set forth that the convictions from Wise and Tazewell County would qualify as misdemeanor crimes of domestic violence.  But whether they qualify is different than whether or not there's the knowledge component.  And they should not be confused in that respect.

Tr. 73, ECF No. 155.

During deliberations, the jury sent the court a written message, composed of two separate questions.   After conferring with counsel, the court responded in writing as follows:

> Thank you for your questions.
>
> Your first question is "what is the difference in assault and batter and domestic violence?"
>
> Please note my instruction No. 10A, which reads, "I instruct you that the defendant's convictions in Wise County and Tazewell County described in the government's evidence were for misdemeanor crimes of domestic violence."

---

[3] The court both read the instructions to the jury and provided it with a written copy for its review during deliberations.

> Your second question is "When one is charged with assault and battery are they informed at that point of not being able to possess firearms?"
>
> You have heard all of the evidence in the case and I cannot give you further information in that regard.
>
> Please review Instruction No. 9, which sets forth the elements that the government must prove beyond a reasonable doubt and Instruction No. 9A which sets forth Mr. Adams' position, as well as Instruction No.10.

ECF No. 107.  No objection was made to this response.[4]

As the basis for its contention that the court erred in Instruction No. 10A, the government points out that the Virginia statute that was the basis for Adams' predicate convictions is broader than the definition of a MCDV in federal law, which defines it as having been

> committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabitating with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(ii).  The Virginia statute, on the other hand, punishes an assault and battery on a "family or household member," Va. Code Ann. § 18.2-57.2, that is in turn defined as

---

[4] Instruction No. 9A provided that "Mr. Adams contends that the government has not proved beyond a reasonable doubt that he knew that he had been convicted of a misdemeanor crime of domestic violence."  Instruction No. 10 provided that the government did not have to prove that he knew that his possession of a firearm or ammunition was against federal law or that he knew that they had previously been transported across state lines.  ECF No. 105; Tr. 112, ECF No. 155.

> (i) the person's spouse, whether or not he or she resides in the same home with the person, (ii) the person's former spouse, whether or not he or she resides in the same home with the person, (iii) the person's parents, stepparents, children, stepchildren, brothers, sisters, half-brothers, half-sisters, grandparents and grandchildren, regardless of whether such persons reside in the same home with the person, (iv) the person's mother-in-law, father-in-law, sons-in-law, daughters-in-law, brothers-in-law and sisters-in-law who reside in the same home with the person, (v) any individual who has a child in common with the person, whether or not the person and that individual have been married or have resided together at any time, or (vi) any individual who cohabits or who, within the previous 12 months, cohabited with the person, and any children of either of them then residing in the same home with the person.

Va. Code Ann. § 16.1-228. The government suggests that since the victim under Virginia law may be a sibling, a relationship not covered by the federal statute, the court should have allowed the jury to determine whether Adams' victims were in fact covered under the federal MCDV statute. Gov't Resp. Def.'s Mot. 7–8, ECF No. 165.

I do not accept the government's suggestion that the court grant a new trial. In the first place, this court does not have the power to grant a new trial sua sponte absent motion by the defendant. Fed. R. Crim. P. 33(a) advisory committee's note to 1966 amendment ("The amendments to the first two sentences make it clear that a judge has no power to order a new trial on his own motion, that he can act only in response to a motion timely made by the defendant."). Nothing in the defendant's Motion for Judgment of Acquittal contains allegations sufficient to allow the court to construe it as a motion for a new trial on the ground suggested by the government.

*See United States v. Taylor*, 176 F.3d 331, 335 (6th Cir. 1999) (holding that district court had authority to grant a new trial based on arguments raised in defendant's motion for acquittal). Indeed, as previously indicated, the defendant has expressly rejected the government's suggestion that a new trial be granted on the ground raised by the government.

In any event, even if the instruction in question was plain error, it was harmless. The record clearly shows that there was never any question but that either of the defendant's prior convictions constituted a MCDV. The only question was whether the defendant had knowledge that either of those prior convictions were a MCDV. As Ms. Scott, defense counsel, stated to the court, "Mr. Adams wouldn't be sitting here in front of the court if he believed that he -- like, if he knew that he'd fallen into that category. That's why we're here." Tr. 83, ECF No. 155.

Accordingly, "the guilty verdict actually rendered [at] trial was surely unattributable to the error." *United States v. Brown*, 202 F.3d 691, 699 (4th Cir. 2000) (internal quotation marks and citations omitted).

V.

For the foregoing reasons, it is **ORDERED** that the Motion for Judgment of Acquittal, ECF No. 147, is DENIED.

ENTER: April 24, 2020

/s/ JAMES P. JONES
United States District Judge